14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William M. BILLS, Plaintiff-Appellant,
v.
SUNSHINE WIRELESS COMPANY, INCORPORATED, d/b/a WFOG,
Defendant-Appellee.
 No. 93-1137.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1993.
Decided Jan. 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-92-380)
 Robert John Haddad, Shuttleworth, Ruloff, Giordano & Kahle, P.C., Virginia Beach, VA, for appellant.
 Joan B. Tucker Fife, Winston & Strawn, Washington, DC, for appellee.
 William K. Keane, Winston & Strawn, Washington, DC, for appellee.
 E.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and HALL and
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff/Appellant William Bills ("Bills") filed suit against Defendant/Appellee Sunshine Wireless Co., Inc., doing business as the WFOG radio station ("WFOG" or "the radio station"), alleging that he was discharged in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. Secs. 621-634 (West 1985 & Supp.1992), and that the general manager of the radio station made defamatory comments about him to the local newspaper. Bills appeals the district court's grant of summary judgment in favor of the radio station. We affirm.
 
 
 2
 * Appellant Bills was the morning radio announcer for WFOG, a radio station owned by the Appellee which caters to thirty-five to sixty-four-year-old listeners. On October 4, 1991, the radio station terminated Bills' employment. Two newspaper columns that subsequently appeared in The Virginia-Pilot/Ledger Star purported to quote the station's general manager as stating that Bills had been fired because "he'd failed to achieve some specific goals in terms of his onair sound. We wanted Bill to have a softer, more comfortable delivery...." J.A. at 202 (Dep. of Bills).
 
 
 3
 Bills' complaint alleges that he was fired because of his age, which was fifty-nine at the time of his termination, and that he was replaced by a younger individual. In support of his claim of age discrimination, Bills claims that he consistently received bonuses from the station for his work, and as such was meeting "the only stated goals that defined" his job performance. J.A. at 341 (Aff. of Bills). He also contends that, at the time of his termination, the station was attempting to attract a younger audience. J.A. at 177 (Dep. of Bills).
 
 
 4
 The radio station moved the district court for summary judgment on the grounds that Bills could not produce evidence sufficient to establish a prima facie case. In addition, the radio station claimed that Bills was terminated for his failure to perform satisfactorily, and that Bills had no evidence to prove that its reasons were pretextual. Specifically, the station claimed that it terminated Bills due to "his failure to meet specific objectives; his uncooperative attitude; and his failure to achieve the on-air sound desired by management." J.A. at 311 (Aff. of Mike Russell); accord J.A. at 315 (Aff. of Dan Cohen); J.A. at 318 (Aff. of Jeffrey Greenhawt).
 
 
 5
 The district court found that Bills failed to produce any direct evidence of age discrimination.[1] It also concluded that Bills failed to produce sufficient evidence to survive summary judgment under the standards of proof established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In addition, and in the alternative, the district court concluded that summary judgment for the radio station was warranted because Bills failed to produce any evidence that the nondiscriminatory reasons given for his termination were pretextual. Furthermore, the district court held that the alleged statements to the newspaper could not be the basis of a defamation action because Bills produced no evidence that the statements were false. Therefore, the district court granted summary judgment to WFOG on both Bills' ADEA claim and his defamation claim.
 
 II
 
 6
 On appeal, Bills challenges the district court's finding that he failed to provide sufficient evidence of the third prong of the McDonnell Douglas test--that he was meeting his employer's legitimate expectations. Bills also contends that a genuine issue of material fact exists as to whether WFOG's reasons for his termination were a pretext for age, and that he need not produce any evidence that age was a determining factor in the decision to survive summary judgment.
 
 
 7
 We review the district court's grant of summary judgment de novo, considering the facts in the light most favorable to Appellant Bills.
 
 
 8
 Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir.1990) (citation omitted). Summary judgment is appropriate if no reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment may be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 9
 * Under the McDonnell Douglas standard, to state a prima facie case, Bills must allege that:
 
 
 10
 (1) he is a member of a protected class, (2) he was discharged, (3) at the time of discharge, he was performing at a satisfactory level, meeting his employer's legitimate expectations, and (4) following his discharge, he was replaced by a person outside the protected class.
 
 
 11
 E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir.1992). Bills contends that because he received regular bonuses from WFOG for meeting certain ratings levels, he has alleged sufficient evidence to survive summary judgment as to third element. The record, however, supports the district court's conclusion.
 
 
 12
 No rational finder of fact could conclude that the achievement of ratings, although rewarded by bonuses, was the only expectation of WFOG, or that Bills was meeting its legitimate expectations. The undisputed facts show that on August 1, 1991, the radio station posted a memorandum to all of the WFOG staff announcing that due to changes in the format of the radio station, all of the announcers were "in effect re-applying for their positions" and that there would be a review of work during a probationary period of no more than ninety days. J.A. at 321. The memo further stated that"the ratings situation of the radio station is critical, and that on air mistakes cannot and willnot [sic] be tollerated [sic]," and that each announcer had "a review sheet with specific instructions on how to improve." Id. Bills admits that he saw this memorandum in August. J.A. at 115 (Dep. of Bills). Thus, prior to his termination, Bills knew that his performance, as well as that of all the announcers, was being scrutinized. Moreover, he was frequently told that the owners of WFOG were not happy with his performance. See, e.g., J.A. at 110-11, 296 (Dep. of Bills). The radio station set several specific goals for Bills regarding his on-air performance. Although Bills disputes receiving all of the critique sheets that were in his personnel file, J.A. at 342 (Aff. of Bills), he concedes that he saw the Critique Priority List tailored to his performance, J.A. at 46, which listed six items that he needed to improve. J.A. at 126-127, 168 (Dep. of Bills). He also concedes that at least some of these items are legitimate concerns for a radio station, J.A. at 168, 294-95 (Dep. of Bills), and that he did not always meet all of them. J.A. at 324-25 (E.E.O.C. Aff. of Bills).
 
 
 13
 On the basis of this record, we conclude that Bills failed to produce sufficient evidence for a reasonable jury to conclude that he was meeting the legitimate expectations of his employer. As such, summary judgment was appropriate due to his failure to establish the third element of his prima facie case.
 
 B
 
 14
 Even if Bills' evidence were sufficient to establish a prima facie case of age discrimination, the evidence is insufficient to meet his burden of rebutting the legitimate, nondiscriminatory reasons for his termination articulated by the radio station. To rebut the radio station's reasons, it would have been necessary for Bills to adduce evidence to prove that " 'the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.' " Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742 (1993) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Based on our review of the record, we find that Bills produced no evidence to show that the radio station's reasons for terminating him were pretextual, or that age was a determining factor.[2] We therefore affirm the district court's grant of summary judgment to WFOG on Bills' ADEA claim.
 
 III
 
 15
 The district court also found that Bills failed to produce any evidence that the statements on which he bases his defamation claim are false. We agree. True statements cannot be the basis of a defamation claim. Lapkoff v. Wilks, 969 F.2d 78, 82 (4th Cir.1992). Moreover, Bills concedes that if the district court's grant of summary judgment on his age claim is upheld, the defamation holding must be affirmed as well.
 
 IV
 
 16
 For the reasons stated, the judgment of the district court is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Bills does not contest this finding on appeal
 
 
 [2]
 We hold that Bills did not produce sufficient evidence to establish a prima facie case or to establish that WFOG's reasons were pretextual. We therefore need not decide whether, if he had done so, St. Mary's Honor Center v. Hicks would nevertheless warrant the granting of summary judgment to WFOG for Bills' failure to produce evidence that age was a determining factor